■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH SCOTT, Appellant. [747 NYS2d 766] —Judgment, Supreme Court, New York County (Charles Solomon, J., at suppression hearing; John Cataldo, J., at jury trial and sentence), rendered June 21, 2000, convicting defendant of criminal sale of a controlled substance in the third degree, and sentencing him to a term of 4½ to 9 years, unanimously affirmed.

Defendant's suppression motion was properly denied. The police had probable cause to believe that defendant, who stood in the vicinity in a position to observe the drug transaction and, immediately after it was concluded, received currency from the person who had actually exchanged drugs for money with the undercover officer, was a participant in the sale (see People v Torres, 238 AD2d 244, lv denied 90 NY2d 898). Probable cause does not require proof beyond a reasonable doubt (Brinegar v United States, 338 US 160, 175; People v Bigelow, 66 NY2d 417, 423).

The challenged portions of the prosecutor's summation were within the range of fair comment on the evidence in response to the arguments set forth by defense counsel (see People v Overlee, 236 AD2d 133, lv denied 91 NY2d 976; People v D'Alessandro, 184 AD2d 114, 118-119, lv denied 81 NY2d 884). Defendant's claim concerning an objection made by the prosecutor during the defense summation is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that the comment made by the prosecutor in the course of objecting did not deprive defendant of a fair trial. Concur—Nardelli, J.P., Saxe, Rosenberger, Friedman and Marlow, JJ.